IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

PORTLAND DIVISION


AVAGO TECHNOLOGIES LIMITED,
et al.,
        Plaintiffs,

   v.

ROBERT AIGNER, et al.,

        Defendants.

No. 03:12-mc-00016-HZ

ORDER

_____

Rebecca A Lindemann
Schwabe Williamson & Wyatt, PC
1600-1900 Pacwest Center
1211 SW Fifth Avenue
Portland, OR 97204

HERNANDEZ, District Judge:

      In December 2011, in connection with a case pending in the Middle District of Florida, this Court issued a subpoena to nonparty Deborah Burke, an employee of TriQuint Semiconductor, Inc., commanding her to appear for a deposition and to bring certain documents. Because Burke apparently resides in Oregon, and the deposition was to occur in Oregon, this Court, rather than the Middle District of Florida, issued the subpoena. Fed. R. Civ. P. 45(a)(2)(B). Plaintiff now seeks an order from this Court compelling Burke to comply with the subpoena. See Fed. R. Civ. P. 37(a)(2) (motion for an order to compel a nonparty must be made in the court where the discovery is or will be taken); see also Fed. R. Civ. P. 45(c)(2)(B) (person commanded to produce documents may serve objections on the party or attorney designated in

the subpoena and if objection is made, serving party may move the issuing court for an order compelling production).  Although the rules require plaintiff to file the motion to compel in this Court, I conclude that the Middle District of Florida, the court where the action is pending, is better suited to resolve the dispute and I transfer consideration of the matter to that court.

Plaintiff indicates that it is presently moving to compel four other subpoenaed TriQuint witnesses in the Middle District of Florida.  Plaintiff represents that resolving the dispute over Burke's deposition involves a Protective Order filed as part of the litigation pending in the Middle District of Florida.  Plaintiff further represents that the Protective Order includes a "Cross-Use Agreement" signed by the parties to the litigation in the Middle District of Florida, as well as Burke's employer TriQuint who is a party to related litigation pending in the District of Arizona.  Given that Burke's attorney is apparently located in Colorado, resolving the motion to compel in the Middle District of Florida is no more inconvenient than resolving it in this Court.  Because of the related motions to compel pending in the Middle District of Florida, it is in the interest of judicial economy to transfer this motion to compel to that court.  Additionally, given that the Protective Order and the Cross-Use Agreement are part of the case pending in the Middle District of Florida, that court is in a better position to evaluate Burke's objection to the deposition. See Convertino v. United States, 260 F.R.D. 678, 679 (E.D. Mich. 2008) (whether to "remit" nonparty deponent's motion for protective order to district where action is pending is within a court's discretion); United States v. Star Scientific, Inc., 205 F. Supp. 2d 482, 485-86 & n.4  (D. Md. 2002) (noting that courts have divided on the question of whether Rule 45 motions may be transferred from court issuing subpoena to court where underlying litigation is pending and collecting cases); see also Fed. R. Civ. P. 26(c) (motions for protective order may be filed in court where action is pending or in court for the district where deposition is to be taken).

CONCLUSION

The court orders that the motion to compel, filed in camera, shall now be filed under seal as Exhibit A to the motion to seal [1]. Plaintiff's motion to seal and motion to compel are transferred to the United States District Court for the Middle District of Florida to be considered in connection with the pending case of Avago Technologies Ltd, v. Aigner, No. 6:10-cv-1846-ACC_DAB.

IT IS SO ORDERED.

Dated this 20TH day of January, 2012.

/s/ Marco A. Hernandez
MARCO A. HERNANDEZ
United States District Judge